## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMILA REEVES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>21ST CENTURY CENTENNIAL INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jamila Reeves ("Plaintiff"), by and through her undersigned counsel, brings this class action complaint against Defendant 21st Century Centennial Insurance Company ("21st Century" or "Defendant"). Plaintiff makes the following allegations on personal knowledge with respect to her own acts, and upon information and belief and the reasonable investigation of counsel as to all other matters.

### NATURE OF THE ACTION

1. This is a class action lawsuit by Plaintiff Jamila Reeves who was the named insured under a 21st Century automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable sales tax for a damaged or stolen vehicle as part of a payment of loss.

2. Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for 21st Century's promises under its automobile policy.

3. Nevertheless, 21st Century failed to include sales tax in making its loss payment to Class Members in breach of its clear policy promise.

1

4.      This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to 21st Century's failure to pay sales tax.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff Jamila Reeves is, and at all relevant times was, a citizen of Missouri domiciled in Saint Louis, Missouri.

6.      Defendant 21st Century is a Pennsylvania corporation with its headquarters and principal place of business located in Bucks County, Pennsylvania.

7.      The Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 Class members, and the Plaintiff and some of the members of the Class are citizens of states different from Defendant.

8.      This Court has personal jurisdiction over 21st Century because 21st Century contracts to insure property in this District, transacts business in this District, enters into contracts in this District, and committed the acts at issue in this lawsuit in this District.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## 21ST CENTURY POLICY

10.     The Form Policy issued by 21st Century to the Plaintiff and all putative class members are virtually identical in all material respects. Affixed hereto is the Policy Form issued to Ms. Reeves (the "Policy"). The terms therein are applicable and identical to the terms applicable to Ms. Reeves and all putative class members.  Exh. A (Policy).

11.     In its standardized Policy, Defendant promises to pay for "direct and accidental loss" to a covered auto. *Id*. at 13.

12. In the event that an insured's covered auto sustains loss, Defendant explains, in its "Payment of Loss" section, "[w]e may pay for loss in money, or we may repair or replace the damaged or stolen property." *Id.* at 17.

13. Defendant further promises "[i]f we pay for loss in money, our payment will include, where required by law, the applicable sales tax for the damaged or stolen property." *Id.*

## PLAINTIFF JAMILA REEVES' ACCIDENT

14. At all times material hereto, Plaintiff insured a 2007 Chevrolet Impala under the Policy issued by 21st Century.

15. On or about July 26, 2014, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with 21st Century.

16. Following the filing of said claim, Defendant determined that the vehicle was a total loss with a base vehicle value of $7,600.00 and an adjusted vehicle value of $7,248.00. Exh. B (Valuation Report).

17. 21st Century calculates the base and adjusted value through a third-party vendor ("CCC"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, CCC identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc. See* Exh. B.

18. 21st Century paid only the adjusted vehicle value of $7,248.00, added $10.50 for fees, and subtracted the deductible of $1,000.00 for a total payment of $6,258.50. Exh. C (Settlement Letter). By failing to include sales tax in making payment for the loss, 21st Century breached its contract with Plaintiff.

19. Nothing in the Policy unambiguously excludes sales tax or contradicts Defendant's promise to pay sales tax where it pays for the loss in money. To the extent the applicable limitation

3

on liability is the vehicle's actual cash value, such limitation does not operate to exclude or subvert Defendant's explicit and unambiguous promise to include payment for sales tax in its loss payments.

20. Similarly, 21st Century failed to pay sales tax to all members of the Class, defined below, and thus breached its contract with all such Class Members.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and all others similarly situated. This action is brought and is properly maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3).

22. Plaintiff seeks to represent a class (the "Class") defined as follows:

All Missouri insureds, under a policy issued by 21st Century covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the applicable statute of limitations prior to the filing of this lawsuit through the date of the certification Order, submitted a first-party property damage claim determined by 21st Century to constitute a covered loss claim and where the loss claim payment did not include sales tax.

23. Excluded from the Class are Defendant, its subsidiaries and affiliates, its officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

24. Plaintiff reserves the right to modify or amend the definition of the proposed Class, including by adding subclasses, before this Court determines whether certification is appropriate.

**Numerosity**

25. The class is so numerous that joinder of all class members is impractical pursuant to Federal Rule of Civil Procedure 23(a)(1).

26. There are numerous parties such that it would be impracticable to bring all the parties before the court. For example, upon information and belief and based on the premiums written in this state by 21st Century and 21st Century's loss ratio (percentage of premiums collected paid on claims), Plaintiff estimates there are thousands of members of the Class.

27. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized Policy language, and results in the retention by Defendant of insurance benefits properly owed to Plaintiff and the Class members.

28. The Class definition will permit the court to reasonably ascertain whether any individual or entity is a member of the Class. Any individual who is or was an insured of Defendant during the class period and who received a total loss payment that did not include sales tax will be a member of the Class.

29. Upon information and belief, Defendant uniformly fails to pay sales tax in total loss cases. Accordingly, the Class consists of at least hundreds, and likely thousands, of Defendant's insureds who were not paid sales tax—in breach of their Policies. Thus, pursuant to Federal Rule of Civil Procedure 23(a)(1), the Class is so numerous that joinder of all individual members is impracticable.

**Commonality and Predominance**

30. Defendant's conduct toward the Class raises common questions of law and fact that predominate, pursuant to Federal Rule of Civil Procedure 23(a)(2) and (b)(3), as Defendant fails to pay sales tax in total loss cases.

31. Plaintiff shares a common interest with all members of the putative Class in the objects of the action and the relief sought.

32. Plaintiff satisfies the commonality requirement because her claim arises from a practice that Defendant applies to all of the similarly situated class members—Defendant's insureds with the Policies—and because Plaintiff's claims are based on the same legal theories as all other members of the putative class, namely, that failing to pay sales tax in total loss cases violates the Policies.

33. Because Defendant's conduct was the same as to all Class members, the material elements of Plaintiff's claims and those of absent Class members are subject to common proof, and the outcome of Plaintiff's individual actions will be dispositive for the Class.

34. The common questions include, but are not limited to, whether, under Defendant's standardized policy language, Plaintiff and the class members are owed sales tax upon the total loss of an insured vehicle. There are common answers to these questions such that they can be answered in one fell swoop with respect to all Class members.

**Typicality**

35. Plaintiff's legal claims are typical of the claims of the Class members and arise from the same core practices, namely, the failure to include sales tax for total loss claims. The material facts underlying the claims of each putative class member are the same material facts as those supporting Plaintiff's claim. As such, Federal Rule of Civil Procedure 23(a)(3) is satisfied.

**Adequacy of Representation**

36. Plaintiff can and will adequately represent the Class, and her interests are the same as those of all absent Class members. By proving her individual claims, Plaintiff will necessarily prove the claims of the Class and prove Defendant's liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; her interests and claims are not antagonistic to those of any other Class members; and her claims are not subject to any unique defenses.

37. Plaintiff, therefore, can and will fairly and adequately protect and represent the interests of the Class under the criteria set forth in Federal Rule of Civil Procedure 23(a)(4).

38. Plaintiff's counsel have extensive experience in complex commercial and class action litigation, and they have adequate financial resources to ensure that the interests of the Class will be protected.

39. If appointed class representative, Plaintiff is aware of, and is committed to, faithfully uphold her fiduciary duties to absent Class members. Plaintiff and her counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the Class is fairly represented.

**Superiority**

40. Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy under the criteria set forth in Federal Rule of Civil Procedure 23(b)(3). Class treatment is a superior form of adjudication than the prosecution of individual claims and provides a substantial benefit to the Court and litigants by avoiding a multiplicity of suits and the risk of inconsistent results.

41. Because Defendant's conduct was uniform with respect to all prospective Class members, common questions of law and fact predominate over individual questions.

42. Because the Class encompasses thousands of claims, a single Missouri class action is more efficient than many thousands of individual actions, each requiring the same discovery and proof. Given the relatively small amount of the claims of each putative Class member, it is likely that, absent class representation, such claims would not be brought, and the Class would never have appropriate redress for Defendant's improper conduct. A class action is superior and more efficient to other available methods for the fair and efficient adjudication of this controversy.

43. Class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide relief to Class members for their past and future injuries. It will also deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

44. The expense and burden of individual litigation effectively makes it a practical impossibility for individual Class members to seek redress for the wrongs alleged herein.

45. The advantages of maintaining this action as a class action far outweigh the expense and waste of judicial effort that would result from thousands of separate adjudications or the unfairness of none at all, which is the likely outcome if the small individual claims at issue are not aggregated.

46. There are also no unusual difficulties likely to be encountered in the maintenance of this action as a class suit, and this Court can effectively manage the class action.

47. The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keeps records of insurance policies and claims of prospective Class members during the class period, including records of total loss vehicles. Therefore, both the membership of the Class and the amount of individual damages is readily ascertainable from Defendant's records.

48. Unless a class is certified, Defendant will retain monies due to its insureds as a result of its conduct wrongfully taken against Plaintiff and Class members.

**Declaratory Relief**

49. Class treatment is warranted because Defendant has acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final declaratory relief concerning the Class as a whole appropriate.

50. Because declaratory relief is sought, class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide relief to class members for their past and future injuries. It will also deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

51. Because Defendant has acted consistently towards all members of the Class, declaratory relief is appropriate with respect to both the Class and Plaintiff's claims and is likewise subject to common proof and adjudication.

52. Based on the foregoing, class treatment is the most fair and efficient form of adjudication for this matter.

53. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorney's fees and costs. Plaintiff, for herself and the putative Class, is entitled to recovery attorney's fees and costs.

## COUNT I

## CLAIM FOR BREACH OF CONTRACT

54. The allegations contained in the foregoing paragraphs are incorporated by reference.

55. This count is brought by Plaintiff on behalf of herself and on behalf of the Class.

56. Plaintiff was party to an insurance contract with 21st Century as set forth herein. All Class Members were parties to an insurance contract with 21st Century containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

57. Plaintiff and all Class Members made a claim determined by 21st Century to be a first-party loss under the insurance policy and determined by 21st Century to be a covered claim.

58. Upon the loss to the insured vehicles, Plaintiff and every Class Member were owed the sales tax as part of their loss payment. Nevertheless, Defendant failed to include sales tax in making the loss claim payments.

59. By failing to include sales tax in the loss claim payments, Defendant breached its contract with Plaintiff and with each respective Class Member.

60. As a result, Plaintiff and all Class Members were damaged, and are entitled to damages in the amount of the sales tax, less any amount in sales tax already paid (if any), along with prejudgment interest, post-judgment interest, costs, and attorneys' fees allowable by law.

## COUNT II

## DECLARATORY RELIEF

61. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

62. This count is brought by Plaintiff on behalf of herself and the Class.

63. Plaintiff was party to an insurance contract with 21st Century as set forth herein. All Class Members were parties to an insurance contract with 21st Century containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

64. Plaintiff seeks a declaratory judgment that an insured is unconditionally entitled to sales tax in a total loss claim under the Policies that govern Plaintiff's and the Class members' contractual relationships with Defendant.

65. Plaintiff contends Defendant is unconditionally required to pay sales tax in a total loss claim under the Policies that govern Plaintiff and the Class members' relationship with Defendant.

66. Defendant disagrees with Plaintiff's interpretation of the Policy, as evidenced by its failure to pay sales tax.

67. Because of Defendant's claim that it is not required to pay sales tax, Plaintiff and the Class are in doubt as to their rights under the Policy.

68. The above allegations present ascertained or ascertainable facts of a present controversy between Plaintiff and Defendant as to unconditional entitlement to the sales tax.

69. Plaintiff has presented a justiciable question as to the existence of her right to the sales tax.

70. All antagonistic and adverse interests, namely Plaintiff and Defendant and the Class when certified, are before this Court by the filing of this count.

71. Plaintiff and the Class are entitled to a declaration of their rights to the sales tax to resolve their doubt about their rights under the Policy considering Defendant's position to the contrary.

72. Upon the Court granting Plaintiff the declaratory relief requested herein, Plaintiff will seek further relief in the form of an order directing that the sales tax be paid to Plaintiff and the Class, an award of attorney's fees incurred in establishing coverage under the Policy, and prejudgment interest and post-judgment interest, as the sales tax represents liquidated amounts.

## RELIEF REQUESTED

Wherefore, Plaintiff, individually and on behalf of the Class, demands relief and judgment as follows:

1. For an Order certifying this action as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Class described above;

2. Designating Plaintiff as representative of the Class and her undersigned counsel as Class Counsel;

3. For an award of compensatory damages for the Class in amounts owed by Defendant;

4. For declaratory relief to be entered for Plaintiff and the Class that her interpretation of the Policy is correct, thereby requiring Defendant to unconditionally pay sales tax;

5. For all other damages according to proof;

6. For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

7. For costs of suit incurred herein;

8. For pre- and post-judgment interest on any amounts awarded;

9. For other and further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Date: March 4, 2022

By: */draft*_____
[local counsel signature block]

**EDELSBERG LAW, P.A.**
Scott Edelsberg *(pro hac vice* to be filed)
Florida Bar No. 0100537
Christopher Gold *(pro hac vice* to be filed)
Florida Bar No. 088733
scott@edelsberglaw.com
chris@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis *(pro hac vice* to be filed)
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299

*Counsel for Plaintiff and the Proposed Class*