UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMILA REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00270-JAR |
| | ) | |
| 21ST CENTURY CENTENNIAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant 21st Century Centennial Insurance Company's Motion to Dismiss. (Doc. No. 12). The motion is fully briefed and ready for disposition. For the reasons set forth below, the motion will be granted.

## II.    Background

Taken as true for the purposes of this motion, Reeves alleges the following facts in her complaint. She purchased an automobile insurance policy (the "Policy") through 21st Century. The insured vehicle was damaged. 21st Century determined the vehicle was a total loss and paid Reeves the adjusted vehicle value less her deductible. Reeves contends 21st Century was required to include sales tax in its payment but did not. She does not allege that she has purchased a replacement vehicle or actually paid any sales tax as a result of her loss. Reeves also seeks to represent a class of:

All Missouri insureds, under a policy issued by 21st Century covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the applicable statute of limitations prior to the filing of this lawsuit through the date of the certification Order, submitted a first-party property

1

damage claim determined by 21st Century to constitute a covered loss claim and where the loss claim payment did not include sales tax.

(Compl., Doc. No. 1 at ¶ 22). Reeves raises two claims: breach of contract (Count I) and declaratory relief (Count II).

21st Century moves to dismiss both claims. It argues that, pursuant to the Policy, it was not required to include sales tax in the payment to Reeves. The Policy provides:

> We may pay for loss in money, or we may repair or replace the damaged or stolen property . . . If We pay for loss in money, our payment will include, where required by law, the applicable sales tax for the damaged or stolen property.[1]

(Doc. No. 1-1 at 18)(emphasis omitted). The motion is fully briefed and ready for disposition. For the reasons set forth below, 21st Century's motion will be granted.

## I.      Legal standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A plaintiff need not provide specific facts in support of her allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide

---

[1]      When ruling on a motion to dismiss, the Court may consider "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Whitney v. Guys, Inc, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir.2003)). The Policy is attached to the Complaint as Exhibit 1.

2

the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (internal citation omitted). This standard "simply calls for enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556. The plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal quotation marks and citation omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56. The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678-79. Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id. at 679.

## II.    Discussion

21st Century argues the Court should dismiss Reeves' breach of contract claim because there was no breach of the Policy, as 21st Century will only pay sales tax "where required by law," and there is no legal requirement in Missouri or, in the alternative, because Reeves did not incur

3

any actual damages. 21ˢᵗ Century further argues the Court should dismiss Reeves' claim for declaratory relief because it is duplicative of her breach of contract claim.

**a. Breach of Contract**

Under Missouri law, the elements of a claim for breach of contract are:

(1) the existence of an enforceable contract between the parties, (2) mutual obligations under the terms of the contract, (3) one party's failure to perform the obligations imposed by the contract, and (4) the other party's thereby incurring damage.

McClain v. Papka, 108 S.W.3d 48, 53 (Mo. Ct. App. 2003). There is no dispute that Reeves has adequately alleged the first two elements. 21ˢᵗ Century argues that Reeves has not alleged that it breached the Policy or that she incurred damages.

21ˢᵗ Century first claims that Reeves has not shown that it failed to perform its obligations under the Policy. The parties dispute the meaning of the Policy. Under Missouri law, a court interpreting an insurance policy "gives the policy language its plain meaning, or the meaning that would be attached by an ordinary purchaser of insurance." Doe Run Res. Corp. v. Am. Guarantee & Liab. Ins., 531 S.W.3d 508, 511 (Mo. 2017). Further, courts "should not interpret policy provisions in isolation but rather evaluate policies as a whole." Ritchie v. Allied Prop. & Cas. Ins. Co., 307 S.W.3d 132, 135 (Mo. 2009). "If the policy language is clear and unambiguous, it must be construed as written." Id. If, however, "the policy is ambiguous, . . . any ambiguity must be resolved against the insurer-drafter." Ballas Nails & Spa, LLC v. Travelers Cas. Ins. Co. of Am., 511 F. Supp. 3d 978, 981 (E.D. Mo. 2021) (quoting Allen v. Cont'l W. Ins. Co., 436 S.W.3d 548, 554 (Mo. 2014)). "Language is ambiguous if it is reasonably open to different constructions," or "when there is duplicity, indistinctness, or uncertainty in [its] meaning." Johnson v. Safeco Ins.

4

Co. of Illinois, 983 F.3d 323, 330 (8th Cir. 2020) (quoting Burns v. Smith, 303 S.W.3d 505, 509 (Mo. 2010)).

The Policy provides that in the event 21st Century pays for a loss in money, its "payment will include, where required by law, the applicable sales tax for the damaged or stolen property." (Doc. No. 13-1 at 36). 21st Century argues that, under the plain language of the Policy, it is only required to pay sales tax where "required by law," that is, where a statute, code, or other law requires insurers to pay sales tax on total loss vehicle claims. Reeves claims this language means 21st Century must pay the sales tax in states, such as Missouri, which impose a sales tax on the purchase of vehicles.

The Court concludes that the language of the Policy is unambiguous. The most natural meaning of the language "our payment will include, where required by law, the applicable sales tax" is that the payment will only include applicable sales tax when a law requires insurers to include sales tax. See Sheperd v. Willis, 452 F. Supp. 3d 449, 454 (M.D. La. 2020) (finding the plain language of a contract which provides "[e]xcept where required by law to be primary or excess, any protection provided by us shall be secondary" states that protection will be primary only where required by a state law and will otherwise be secondary); Budget Rent A Car Sys., Inc. v. Shea, No. 617CV993ORL41GJK, 2018 WL 6266522, at *5 (M.D. Fla. Nov. 6, 2018) (same). Plaintiff has identified no Missouri law imposing such a requirement, nor does she claim that Missouri imposes such a requirement. Therefore, the Policy does not obligate 21st Century to include sales tax in its payments.

Reeves urges the Court to read the Policy as requiring 21st Century to pay sales tax in any state which imposes a sales tax on a vehicle. Reeves' interpretation renders the phrase "where

required by law" redundant. Courts must "endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant." <u>Dibben v. Shelter Ins. Co.</u>, 261 S.W.3d 553, 556 (Mo. Ct. App. 2008). Under Reeves' interpretation, 21st Century promised to pay a sales tax in all states which impose one and did not agree to pay sales tax in states that do not impose one. However, if a state does not impose a sales tax on a vehicle, then the applicable sales tax would be nothing. As such, even without the limitation to paying sales tax only "where required by law," 21st Century's obligation would remain the same: it would be required to pay sales tax in any state which imposes a sales tax and would not be obligated to pay anything in a state which does not impose a sales tax.

Reeves further argues this Court should apply the reasoning of <u>Rawlins v. Esurance Prop. &. Cas. Ins. Co.</u>, No. 4:21-CV-660 RLW, 2022 WL 225618 (E.D. Mo. Jan. 26, 2022). In <u>Rawlins</u>, the plaintiff purchased automotive insurance from the defendant insurer. She was in an accident and her vehicle was declared a total loss. The insurer paid the plaintiff the value of her vehicle less the deductible and fees but did not include sales tax in its payment. The policy at issue in <u>Rawlins</u> provided that in the event of a total loss, the insurer's payment "will include the applicable sales tax for the damaged or stolen property." <u>Id</u>. at *1. The court determined that the policy obligated the insurer to pay sales tax. <u>Id</u>. at *4. The policy at issue in <u>Rawlins</u> is materially different from Reeves' policy, as it does not limit the insurer's promise to pay for sales tax to only "where required by law." The reasoning in <u>Rawlins</u> is not persuasive here.

The plain language of the Policy in this case specifically states 21st Century agrees to pay sales tax only where it is required by law. There is no law obligating 21st Century to pay sales tax,

so the Policy does not require 21st Century to do so. Reeves has failed to allege that 21st Century did not perform its obligations under the Policy, so she has not stated a claim for breach of contract.

### b. Damages

21st Century next argues Reeves' breach of contract claim should be dismissed because she has failed to allege the essential element of damages. Because the Court concluded that Reeves has failed to state a claim for breach of contract, it will not address this argument.

### c. Declaratory Relief

21st Century claims the Court should dismiss Reeves' second claim, for declaratory judgment, because it is duplicative of her claim for breach of contract. "Courts routinely dismiss declaratory judgment claims when they are duplicative of breach of contract claims." LM Gen. Ins. Co. v. LeBrun, 470 F. Supp. 3d 440, 456 (E.D. Pa. 2020); Stein for Halpern Ins. Tr. Dated June 7, 1994 v. Phoenix Life Ins. Co., No. 4:17-cv-2879-JMB, 2018 WL 3375091, at *2 (E.D. Mo. July 11, 2018) ("Where a party's declaratory judgment claim is purely duplicative of its breach of contract claim, the declaratory judgment claim may be properly dismissed."); Butta v. GEICO Cas. Co., 400 F. Supp. 3d 225, 233 (E.D. Pa. 2019) (collecting cases). "Under 28 U.S.C. § 2201 the Court '*may* declare the rights and other legal relations of any interested party seeking such a declaration' after it finds that a 'case or controversy exists.'" Lannan Found. v. Gingold, 300 F. Supp. 3d 1, 31 (D.D.C. 2017) (emphasis in original). District courts have broad discretion in determining whether declaratory relief is appropriate in a given case. See Gibson v. Liberty Mut. Grp., Inc., 778 F. Supp. 2d 75, 79 (D.D.C. 2011); Lannan Found., 300 F. Supp. 3d at 31; C.P.X. through S.P.X. v. Garcia, 450 F. Supp. 3d 854, 920 (S.D. Iowa 2020). Several courts have dismissed claims for declaratory relief when that relief would serve no useful purpose, including

where "a decision on the merits will render the request for declaratory judgment moot." Simmons v. Butler, No. 4:19-CV-10-HEA 2019 WL 2231081, at *3 (F. D. Mo. May 22, 2019); Lannan Found., 300 F. Supp. 3d at 31 ("The issues the [plaintiff] seeks to resolve through the declaratory judgment claim are duplicative of those addressed by the breach of contract claims and would therefore not serve a useful purpose."); Greg Prosmushkin, P.C. v. Hanover Ins. Grp., 479 F. Supp. 3d 143, 148 (E.D. Pa. 2020) (holding "when declaratory claims are redundant with parallel claims for legal relief, the declaratory claims should be dismissed").

Reeves asks the Court for "a declaratory judgment that an insured is unconditionally entitled to sales tax in a total loss claim under the Policies…." (Compl. at ¶ 64). 21st Century argues that this is duplicative of her breach of contract claim because a finder of fact must necessarily determine whether Reeves is entitled to sales tax with her total loss payment in determining whether it is in breach of contract. Reeves argues that her claim for declaratory judgment is not duplicative of her breach of contract claim because she seeks a declaration for the entire proposed class and such the declaration will resolve both present damages claims as well as govern 21st Century's future conduct.

The Court concludes that Reeves' claim for declaratory judgment is duplicative of her breach of contract claim. The success or failure of Reeves' breach of contract claim would necessarily resolve her claim for declaratory relief. In her breach of contract claim, Reeves alleges 21st Century owed her and other class members sales tax for their insured vehicles. 21st Century's failure to provide the sales tax is the basis of its alleged breach. In the claim for declaratory relief, Reeves seeks "a declaratory judgment that an insured is unconditionally entitled to sales tax in a total loss claim under the Policies . . . ." (Comp. at ¶ 64). To decide whether 21st Century breached

8

the Policy, the Court must determine whether the Policy obligates 21st Century to pay Reeves and the other class members sales tax—exactly the issue raised by the declaratory relief claim. See Burton v. GEICO Cas. Co., No. 4:20-CV-00360-MTS, 2021 WL 3725678, at *5 (E.D. Mo. Aug. 23, 2021) (dismissing as moot a duplicative claim for a judgment declaring insurance company was required to include sales tax in certain automobile insurance payments where plaintiff also raised breach of contract claim). As such, Reeves' claim for declaratory relief is duplicative of her breach of contract claim, and it must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the 21st Century's Motion to Dismiss [12] is **GRANTED**.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 21st day of June, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

9